1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20

| | |
|---|---|
| STEPHANIE JENNINGS, | Case No. 13-cv-00322-L(NLS) |
| Plaintiff, | **ORDER GRANTING DEFENDANT CITY OF SAN DIEGO'S MOTION TO DISMISS [doc. #2] AND GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS [doc. #4]** |
| v. | |
| CITY OF SAN DIEGO; COUNTY OF SAN DIEGO; San Diego Police Chief WILLIAM LANSDOWNE; Assistance Chief BOYD LONG; Sergeant JAMES MILANO; and DOES 1-50, inclusive, | |
| Defendants. | |

21      On December 19, 2012, Plaintiff Stephanie Jennings commenced this action in the

22  Superior Court of the State of California, in and for the County of San Diego, against the County

23  of San Diego, and the City of San Diego, San Diego Police Chief William Lansdowne, Assistant

24  Chief Boyd Long, Sergeant James Milano ("City Defendants") and Doe Defendants 1-50,

25  inclusive. She alleges that all of the Defendants violated her civil rights by attacking and falsely

26  arresting her with the intention of chilling her constitutional rights.

27      On February 8, 2013, Defendant City of San Diego removed this action to federal court.

28  The City and County each move to dismiss one or more claims under Federal Rule of Civil

1    Procedure 12(b)(6).

2         The Court found these motions suitable for determination on the papers submitted and

3    without oral argument. *See* CIV. L.R. 7.1(d.1). [Doc. #13.]

4    **I.    BACKGROUND**

5         Plaintiff Jennings is a 51-year-old mother and community volunteer. (Compl. ¶ 1.) She

6    alleges that on the evening of January 7, 2012, she and a group of other middle-aged women (the

7    "Occupellas") congregated outside the San Diego Civic Center to "sing some songs about social

8    issues to the tune of familiar songs." (Compl. ¶ 19.) A group of "Occupy San Diego" protestors

9    marched from the Children's Park into the plaza in front of the center. (Compl. ¶ 21.) At this

10   point, Plaintiff left the singing group and encountered Defendant Sergeant James Milano, who

11   allegedly pushed her to the ground and directed two or three Doe Defendant police officers to

12   arrest her. (Compl. ¶ 23.) She alleges that the Doe Defendant officers arrested her using excessive

13   and unnecessary force. (Compl. ¶ 24.)

14        Defendant Milano and another Doe Defendant officer then drove Plaintiff to Las Colinas

15   Detention Facility, where Plaintiff was placed in a holding cell with 8-10 other women. (Compl.

16   ¶ 26.) She alleges that while in the cell, she notified Doe Defendant police officers and a Doe

17   Defendant nurse that she was a recent kidney transplant recipient, had atrial fibrillation, and

18   needed her medication. (Compl. ¶ 27.)

19        Plaintiff allegedly told officers she needed to take her anti-rejection medication between

20   9:00 - 10:00 p.m., but the officers did not give it to her even though it was in her purse, which

21   was in their possession. (*Id*.) She also alleges that she developed an intense migraine and vomited

22   inside the holding cell, at which point Doe Defendant officers began yelling at her rather than

23   providing any medical care. (*Id*.) At about 2:00 a.m., Plaintiff's husband arrived at the detention

24   facility and bailed her out, at which point she went home. (Compl. ¶ 29.)

25   //

26   //

27   //

28   //

13cv0322

1    In her complaint, Plaintiff alleges eleven causes of action.[1] The City Defendants move to

2    dismiss Plaintiff's fifth claim for negligence only under Federal Rule of Civil Procedure

3    12(b)(6).[2] [Doc. # 2.] The County of San Diego moves to dismiss all of Plaintiff's claims brought

4    against it: intentional infliction of emotional distress; negligence; interference with federal and

5    state constitutional rights; unlawful seizure, arrest, and detention under 42 U.S.C. § 1983;

6    deliberate indifference to medical needs under 42 U.S.C. § 1983; violation of 42 U.S.C. § 1983

7    under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); and

8    violation of the Bane Act. [*Id.*]

9    **II.   LEGAL STANDARD**

10       The court must dismiss a cause of action for failure to state a claim upon which relief can

11   be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal

12   sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must

13   accept all allegations of material fact as true and construe them in light most favorable to the

14   nonmoving party. *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972,

15   975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell*

16   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily

17   assume the truth of legal conclusions merely because they are cast in the form of factual

18   allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)

19   (internal quotation marks omitted). The court does not need to accept any legal conclusions as

20   true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

21       "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

22   factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

23

24       [1]The complaint sets forth the following causes of action: (1) false arrest and
     imprisonment; (2) battery; (3) assault and battery; (4) intentional infliction of emotional distress
25   ("IIED"); (5) negligence; (6) interference with federal and state constitutional rights; (7)
     unlawful seizure, arrest, and detention under 42 U.S.C. § 1983; (8) excessive force under 42
26   U.S.C. § 1983; (9) deliberate indifference to medical needs under 42 U.S.C. §1983; (10)
     violation of 42 U.S.C. § 1983 under *Monell v. Department of Social Services of the City of New*
27   *York*, 436 U.S. 658 (1978); and (11) violation of the Bane Act, CAL. CIV. CODE §§ 52, 52.1.

28       [2]The City Defendants do not challenge the Complaint as to Counts 1-4, 6-8, 10, or 11.

13cv0322

1  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

2  action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations

3  in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Thus,

4  "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

5  true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing

6  *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

7  content that allows the court to draw the reasonable inference that the defendant is liable for the

8  misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but

9  it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint

10  may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient

11  facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

12  Cir. 1984).

13  **III.   DISCUSSION**

14      **A.   Municipal Liability at Common Law**

15      Plaintiff alleges claims for IIED and negligence against the City of San Diego and the

16  County of San Diego.[3] (Compl. ¶¶ 47-59.) In California, "[a] public entity is not liable for an

17  injury, whether such injury arises out of an act or omission of the public entity or a public

18  employee or any other person." CAL. GOV'T CODE § 815. However, "[a] public entity is liable for

19  injury proximately caused by an act or omission of an employee of the public entity within the

20  scope of his employment if the act or omission would, apart from this section, have given rise to a

21  cause of action against that employee or his personal representative." CAL. GOV'T CODE § 815.2.

22  Thus, under California law, for a municipality to be liable, the statute claimed to establish a duty

23  giving rise to the cause of action must be identified. *Searcy v. Hemet Unified Sch. Dist.*, 177 Cal.

24  App. 3d 792, 802 (1986).

25      Plaintiff alleges that "Defendant City of San Diego . . . . is a municipal entity liable in

26  *respondeat superior* for the acts and omissions of its employees in the San Diego Police

27

28

          [3]The City seeks dismissal of Plaintiff's negligence claim only.

1  Department," and that "Defendant County of San Diego . . . . is a municipal entity liable in

2  *respondeat superior* for the acts and omissions of its employees in the San Diego County

3  Sheriff's Office and at Las Colinas Detention Facility, and for the negligent hiring, training,

4  supervision, discipline, and/or retention of its employees." (Compl. ¶¶ 7-8.)

5          But Plaintiff fails to identify the statute providing for municipal liability for her IIED and

6  negligence claims under this theory. (Compl. ¶¶ 7-8, 47-52.) Municipal liability under a

7  respondeat superior theory is statutory in California, and Plaintiff has failed to identify a statute

8  as required under California law. *See* CAL. GOV'T CODE § 815; *Searcy*, 177 Cal. App. 3d at 802.

9  Thus, Plaintiff's fourth and fifth causes of action do not state claims upon which relief can be

10  granted. Cal. FED R. CIV. P. 12(B)(6).

11         Accordingly, the Court will dismiss Plaintiff's claim for IIED as to the County of San

12  Diego and for negligence as to the County of San Diego and the City of San Diego.

13         **B.     Civil Rights Violation under the Bane Act**

14         Plaintiff's eleventh cause of action alleges violation of civil rights under the Bane Act.

15  CAL. CIV. CODE § 52.1. In order for Plaintiff to establish a Bane Act violation, she must show that

16  Defendants "interfered with or attempted to interfere with the plaintiff's constitutional rights by

17  the requisite threats, intimidation, or coercion." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App.

18  4th 947, 956.

19         Plaintiff alleges that:

20                 [b]ased on the conduct alleged above, and all the foregoing paragraphs, all
                   defendants, and each of them, are liable to Plaintiff for violating her
21                 California civil rights enshrined in the *Bane Act*, in that they interfered by
                   threats, intimidation and coercion with her rights to due process, and to be
22                 free from false arrest, imprisonment, assault and battery, interference with
                   and retaliation for exercise of free speech, assembly, and petition, and abuse
23                 of process, as guaranteed by Article 1, §§ 1, 2, 7, and 14 of the California
                   Constitution . . . .
24
25  (Compl. ¶ 94.) Plaintiff fails to identify which of the Defendants' actions violated these rights

26  with any specificity. (*Id.*) Instead, she refers back to the factual allegations of the complaint as a

27  whole, presenting a conclusion that constitutes the elements of a Bane Act violation. (*Id.*) Such

28  "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Because Plaintiff does not identify which specific actions of each Defendant violated her rights, she has failed to state a claim upon which relief can be granted and Plaintiff's eleventh claim for violation of the Bane Act as to the County of San Diego will be dismissed. *See* FED. R. CIV. P. 12(b)(6).

## C.    Respondeat Superior Liability for Federal Claims

Plaintiff's sixth and seventh causes of action allege violations of constitutional rights under 42 U.S.C. § 1983. (Compl. ¶¶ 60-69.) Plaintiff bases these causes of action against the City and County on a theory of respondeat superior. (Compl.  ¶¶ 7-8.) Municipalities are not vicariously liable for their employee's actions on a theory of respondeat superior under 42 U.S.C. § 1983. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *see Iqbal*, 556 U.S. at 676. Because Plaintiff's sixth and seventh causes of action are based on a theory of respondeat superior and there is no municipal liability under this theory for 42 U.S.C. § 1983 violations, these claims will be dismissed as to the County of San Diego. The Court will grant leave to amend, but any amendment must contain no reference to a theory of vicarious liability or respondeat superior against the City or County with respect to a violation of 42 U.S.C. § 1983.

## D.    Municipal Violation of 42 U.S.C. § 1983 under *Monell*

Plaintiff's tenth cause of action alleges unlawful policies and practices in violation of her constitutional rights pursuant to 42 U.S.C. § 1983 under *Monell*, 436 U.S. at 658. There are three ways in which a plaintiff may present a valid cause of action for violation of 42 U.S.C. § 1983 under *Monell* and its progeny: 1) showing that official policy or longstanding custom caused a deprivation of constitutional rights; 2) showing that an official with final policymaking authority made a decision which caused a deprivation of constitutional rights; or 3) showing that an official with final policymaking authority ratified a subordinate's decision and the basis for it, thus causing a constitutional deprivation. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001). Whether an official has final policymaking authority is a question of state law. *Id.* "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying

1  out policy." *Trevino*, 99 F.3d at 918. Plaintiff must further show that the policy was the "moving

2  force" behind the violation of the employee's rights, in the sense that an appropriate policy could

3  have prevented the violation. *See Fuller v. Cnty. of Orange*, 276 F. App'x 675, 679-80 (9th Cir.

4  2008) (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1185–86, 1193–94 (9th Cir.2002)).

5          Plaintiff alleges that:

6                  the actions of these Defendants were part of a wider pattern and practice
                   that was approved and encouraged by the San Diego Police Department, the
7                  San Diego Sheriff's Department, the CITY OF SAN DIEGO, and the
                   COUNTY OF SAN DIEGO . . . . the pattern and practice of the police
8                  department and the Sheriff's department, and of the individuals with final
                   policymaking authority within them, was such that there was a permanent
9                  and settled culture which encouraged both the harassment of, and the use of
                   excessive force against individuals like Plaintiff who were perceived as
10                 being part of the "Occupy" movement . . . .

11

12 (Compl. ¶ 91.) She further alleges that:

13                 [t]he same is true of the individuals with final policymaking authority for
                   the San Diego Sheriff's Department (all of whom are employees of the
14                 COUNTY OF SAN DIEGO) when confronted with the violations of
                   Stephanie's Eighth Amendment rights committed in the Las Colinas jail.
15                 Rather than take corrective action, said individuals ratified the illegal
                   conduct. The reason for this is that the denial of medical care, particularly
16                 to individuals perceived to be associated with the "Occupy" protest, was a
                   pattern and practice at the jail and was approved of by individuals with final
17                 policymaking authority within the San Diego Sheriff's Department.

18 (Compl. ¶ 92.) Though Plaintiff alleges a pattern of harassment and the use of force against those

19 perceived as being part of the Occupy movement, she fails to allege even one incident of such

20 behavior toward anyone besides herself. (Compl. ¶ 91.) Likewise, she alleges a pattern of denying

21 medical care in the jail without pointing to more than one such event – her own. (Compl. ¶ 92).

22 Plaintiff alleges that someone with final policymaking authority ratified the decision to deny her

23 medical care, but she does not identify either this person or the facts which serve as the basis for

24 the legal conclusion that he or she possessed final policymaking authority. *See Trevino*, 99 F.3d

25 at 918. (*Id.*) Because the assertion that an official possesses final policymaking authority is a legal

26 conclusion, the Court will not assume it true for the basis of this motion. *See id.*; *Iqbal*, 556 U.S.

27 at 678.

28         Plaintiff's claims are devoid of factual support and are little more than formulaic recitation

13cv0322

1    of the elements of a cause of action. As such, they do not meet the pleading standard of *Twombly,*

2    550 U.S. at 555, and these claims must be dismissed. *See* FED. R. CIV. P. 12(b)(6).

3    **E.    Municipal Violation of 42 U.S.C. § 1983 through Deliberate Indifference to**

4    **Medical Needs**

5    Plaintiff's ninth cause of action alleges deliberate indifference to medical needs on the part

6    of Doe Defendant "officers," who by denying Plaintiff her anti-rejection and heart medication

7    ostensibly violated 42 U.S.C. § 1983. (Compl. ¶¶ 76-79.) Plaintiff identifies Doe Defendants 36

8    through 45 inclusive as San Diego County Sheriff's deputies and Doe Defendants 45 through 50

9    inclusive as other San Diego County officials. (Compl. ¶¶ 14-15.) But nowhere does she allege

10   that these were the Doe Defendant officers she told about her need for medication. (Compl. ¶ 27.)

11   And nowhere does she allege that the officers she told of her medical need were under the employ

12   of the County of San Diego. (Compl. ¶¶ 27, 76-79) The identity of these officers, and their

13   employment, is left ambiguous.

14   The Court may not speculate as to the meaning of Plaintiff's ambiguous pleading.  *See*

15   *Twombly*, 550 U.S. at 555. Because of a lack of definiteness with respect to the employment of

16   the officers whom Plaintiff told of her medical need, Plaintiff's sixth cause of action fails to state

17   a claim rising above the speculative level as required under *Twombly*.  *Id.*  Therefore, the Court

18   will dismiss Plaintiff's ninth claim for violation of 42 U.S.C. § 1983 based upon indifference to

19   medical needs as to the County of San Diego.  *See* FED. R. CIV. P. 12(b)(6).

20   **F.    Leave to Amend**

21   Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been

22   served, a party may amend its complaint only with the opposing party's written consent or the

23   court's leave. FED. R. CIV. P. 15(A). "The court should freely give leave when justice so requires"

24   and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d

25   183, 186 (9th Cir.1987). However, leave to amend is not to be granted automatically. *Zivkovic v.*

26   *S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Haw.*, 902

27   F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the

28   district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

1   The Court considers five factors in assessing a motion for leave to amend: (1) bad faith,

2   (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5)

3   whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067,

4   1077 (9th Cir. 2004). Of these factors, prejudice to the opposing party carries the greatest weight.

5   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent

6   prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*;

7   *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (holding that futility supports a

8   court's decision to deny a motion for leave to amend).

9   The Court will grant Plaintiff leave to amend so that she may expand upon and properly

10   plead her theories of liability. Any amendment must make no reference to respondeat superior or

11   vicarious liability for violation of 42 U.S.C. § 1983.

12   **IV.   CONCLUSION & ORDER**

13   For the reasons set forth above, the Court **GRANTS** Defendant City of San Diego's and

14   Defendant County of San Diego's motions to dismiss.

15   Specifically, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's fifth claim as

16   to the City of San Diego.

17   The Court **DISMISSES WITHOUT PREJUDICE** all claims against the County of San

18   Diego, namely Plaintiff's fourth, fifth, sixth, seventh, ninth, tenth, and eleventh causes of action.

19   If Plaintiff intends to file a Second Amended Complaint in conformity with this Order,

20   then she must do so by **July 19, 2013**.

21   **IT IS SO ORDERED.**

22   DATED: July 8, 2013

23

24   M. James Lorenz
     United States District Court Judge

25   COPY TO:

26   HON. NITA L. STORMES
     UNITED STATES MAGISTRATE JUDGE

27

28   ALL PARTIES/COUNSEL

13cv0322